**Terry L. WIDENER, Jr., Plaintiff,**

v.

**Doris FRYE, et al., Defendants.**

**No. C–1–90–731.**

United States District Court,
S.D. Ohio, W.D.

Oct. 6, 1992.

Dave R. West, Cincinnati, OH, for plaintiff.

Timothy McCutcheon Ruttle, Christine D. Tailer, Krebs & Ruttle, Cincinnati, OH, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' Motion for Summary Judgment (doc. 17), the Plaintiff's Motion for Continuance (doc. 31), the Defendants' Motion in Opposition to the Plaintiff's Motion for Continuance (doc. 32), the Plaintiff's Reply to the Defendants' Motion for Summary Judgment (doc. 35), and the Defendants' Response to the Plaintiff's Reply to the Defendant's Motion for Summary Judgment (doc. 37).

The issue presented in this case is, whether the facts surrounding the search by school officials, of the Plaintiff's person and belongings, create a genuine issue of material fact as to the constitutionality of the search, thus rendering summary judgment inappropriate. We find that there is no genuine issue of material fact regarding the constitutionality of the search, and therefore, grant the Defendants' Motion for Summary Judgment.

## BACKGROUND

The Plaintiff, a minor, is a former student at Cape High School. The Defendants are employees of Cape High School. This claim stems from a detention and search of the Plaintiff, conducted by the Defendants.

The material facts in this case are undisputed. The Defendant Kathleen Gerth, a teacher at Cape High School, detected what she described as a strong odor of marijuana about the Plaintiff's person, while administering an examination in her classroom. The Defendant Gerth contacted the Dean of Students, the Defendant Ella Green, inquiring as to the procedure to follow in such situations. The Defendant Gerth was instructed to complete an administrative referral. The Defendant Charles Otten, a security guard at Cape High School, arrived at the Defendant Gerth's classroom and instructed the Plaintiff to proceed to the Defendant Green's office.

The Defendant Otten, a former detective with the Cincinnati Police Department, also detected what he felt may have been the odor of marijuana about the Plaintiff's person. Furthermore, the Defendant Otten describes the Plaintiff as having dilated pupils and as acting "sluggish." Similarly the Defendant Green noticed the smell of marijuana about the Plaintiff and noticed, too, that he was "lethargic."

The Defendants questioned the Plaintiff regarding the use and possession of marijuana. Another security guard, the Defendant Reggie Lane, was summoned. The Defendants then requested and received the Plaintiff's permission to search his bag and jacket, which he was not wearing. The Defendants further conducted a "patdown" search under the Plaintiff's arms. The Plaintiff then agreed to empty his pockets. None of the searches produced any evidence of the possession of marijuana.

The Defendant Green left the office. The Defendant Otten asked the Plaintiff to lift his shirt, and to remove his shoes and socks. The Plaintiff complied with these requests. The Defendant Otten then asked the Plaintiff if he was wearing gym shorts, to which the Plaintiff responded affirmatively. The Plaintiff lowered his pants and was asked to pull the shorts tight around his crotch area to permit the Defendants Lane and Otten to observe whether the Plaintiff was concealing any drugs. Like the previous searches, this produced no evidence of drug possession.

The Plaintiff stated that he did not feel threatened at any time, that the Defendants Lane and Otten did not touch him while his pants were lowered, that he was never naked in front of the Defendants, and that the Defendants did not engage in any form of inappropriate sexual behavior. The Plaintiff claims that he felt some embarrassment during the search.

The Plaintiff contends that the Defendants violate 42 U.S.C. § 1983, by depriving the Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures. The Defendants claim that the search was reasonable under the Fourth amendment as a matter of law, and therefore, this Court should grant their Motion for Summary Judgment.

The Plaintiff first moves this Court to grant a continuance in order to allow the Plaintiff adequate time to file a response to the Defendants' Motion (the Plaintiff has since filed this response). The Plaintiff further asserts that genuine issues of material fact exist regarding the reasonableness of the search, and therefore, summary judgment is inappropriate in this case.

First, we grant the Plaintiff's motion for a Continuance and thus, consider all documents presently before the Court. Second, because we find that the search was reasonable as a matter of law under the test enunciated by the Supreme Court of the United States in *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), we accordingly grant the Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a

matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment.

*McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

## DISCUSSION

In 1985 the United States Supreme Court held that the Fourth Amendment prohibition against unreasonable searches and seizures applies to pupils in the public schools. *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). In so holding, the Court weighed the student's legitimate expectation of privacy against the growing problem of drugs and violence in the public schools, and the need of school officials to deal swiftly with such problems. *Id.* at 339–340, 105 S.Ct. at 741–742. The Court concluded, that in balancing the governmental and private interests, the search of a student in such cases does not require a showing of probable cause. "Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search." *Id.* at 341, 105 S.Ct. at 742.

The Court articulated a two part test in determining the reasonableness of the search. First, the search must be justified at its inception, and second, it must be reasonably related in scope to the circumstances at hand. *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)). The Court further explained that a search is Justified at its inception

> when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.

469 U.S. at 342, 105 S.Ct. at 743 (footnotes omitted). Considering the facts of this case, in conjunction with the two part test of *T.L.O.*, we find that the search of the Plaintiff in this case, was reasonable as a matter of law.

First, the Defendants had reasonable grounds to believe that a search would turn up evidence that the Plaintiff was violating the law or the rules of the school. Several of the Defendants detected what they believed to be the odor of marijuana emanating from the Plaintiff's person. Two of the Defendants testified that the Plaintiff was acting "sluggish" and "lethargic" or in a manner otherwise consistent with marijuana use. Furthermore, the Defendants questioned the Plaintiff regarding their suspicions, and were unsatisfied with his explanation.

Second, the search conducted by the Defendants was reasonable in its scope in light of the age and sex of the Plaintiff, and the nature of the infraction. The Plaintiff was removed from the classroom and the presence of his classmates. Moreover, the Plaintiff was asked to remove his jeans only, not his undergarments, and, only in the presence of the two male security guards. The Plaintiff was never threatened in any way, nor touched inappropriately. In fact, the Plaintiff was not touched at all while his trousers were down.

The Plaintiffs have agreed that the "Defendants have accurately described the pertinent facts surrounding this case," with three exceptions we find immaterial. Plaintiff's Reply Motion to the defendants' Motion for Summary Judgment, Doc. 35, at 1. First, the Defendants claim that the Plaintiff was asked if he was wearing shorts before he was asked to remove his pants. The Plaintiff claims that this is untrue. Second, the Plaintiff claims that the Defendants asked the Plaintiff to lift his crotch, "testicles and all," to allow the security guards to see if the Plaintiff was hiding anything. Finally, the Plaintiff points out that the Plaintiff was embarrassed during the search.

We find these facts immaterial in light of the undisputed facts, and the Supreme Court's decision in *T.L.O.* First, the search was reasonable whether the Defendant Otten asked the Plaintiff if he was wearing shorts or not. Furthermore, we find no material difference between the Defendants' characterization that they asked the Plaintiff to "pull the shorts tightly around the crotch area", and the Plaintiff's characterization that he "was told to lift his crotch, testicles and all" to see if the Plaintiff was concealing drugs. Finally, the Plaintiff testified that he did not feel threatened at any time, and that the Defendants were cordial and polite throughout the search. The fact the Plaintiff was, quite understandably, embarrassed to some degree, does not alter the fact that the search was, as discussed above, reasonable in scope, under the circumstances.

We therefore conclude, that there are no genuine issues of material fact substantially in dispute regarding the reasonableness of the search. Consequently, we must grant the Defendants' Motion for Summary judgment.

## CONCLUSION

In light of the facts of this case as presented by both parties, we find that there is no genuine issue of material fact, and that the search was reasonable as a matter of law.

Accordingly, we GRANT the Plaintiff's Motion for Continuance, GRANT the Defendants' Motion for Summary Judgment, and DISMISS this action.

SO ORDERED.