COMMONWEALTH *vs.* DAMIAN D., a juvenile.

Suffolk. May 7, 2001. - August 10, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Student, Expectation of privacy.

Discussion of the prohibition of the Fourth Amendment to the United States Constitution against unreasonable searches and seizures, and its application to searches conducted by public school officials. [727-729]

A trial court judge erred in denying a motion to suppress evidence discovered in a warrantless search of a student by a public school administrator premised solely on the student's violation of a school rule, where the specific facts of the violation did not create a reasonable suspicion of wrongdoing, the evidence of which was likely to be found in the search. [729-730]

COMPLAINT received and sworn to in the juvenile session of the West Roxbury Division of the District Court Department on October 26, 1999.

A pretrial motion to suppress evidence was heard in the West Roxbury Division by *Kenneth P. Nasif,* J., and the case was heard in the Boston Division of the Juvenile Court Department by *Paul D. Lewis,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Kenneth J. King* for the juvenile.

*Joseph M. Ditkoff,* Assistant District Attorney, for the Commonwealth.

The following submitted briefs for amici curiae:

*Peter M. Onek,* Committee for Public Counsel Services, for Committee for Public Counsel Services.

*Brigid Kennedy-Pfister* for The Children's Law Center of Massachusetts, Inc.

*Thomas F. Reilly,* Attorney General; *Barbara F. Berenson,*

& *Pamela L. Hunt,* Assistant Attorneys General, for the Attorney General.

CORDY, J. This case presents the question whether, consistent with the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, a public school administrator may search a student premised solely on that student's violation of a school rule unrelated to the possession of contraband or the threat of violence. We hold that, in the circumstances of this case, the search of the student was unreasonable and therefore barred by the Fourth Amendment.

1. *Facts.* In reviewing the denial of a motion to suppress, we accept the judge's findings of fact absent clear error. *Commonwealth* v. *Alvarado,* 420 Mass. 542, 544 (1995). We summarize the facts as found by the judge, *Commonwealth* v. *Yesilciman,* 406 Mass. 736, 743 (1990), supplemented by uncontroverted facts adduced at the hearing. *Commonwealth* v. *Watson,* 430 Mass. 725, 726 n.5 (2000).

During the afternoon school hours of Friday, October 22, 1999, the housemaster for the freshmen class at English High School in Boston observed a student (whom we will call Damian D., a pseudonym) and two other classmates walking across the school parking lot returning to the school building. Damian was supposed to have been in class. The housemaster confronted the students and instructed each of them to bring their parents to school on the following Monday morning.

Damian failed to bring his mother to school that Monday. As a result, the housemaster issued Damian a written suspension hearing letter, citing his missing class and leaving the school building without permission. The housemaster also called Damian's mother and requested that she come to the hearing which he scheduled for Tuesday, the next day.

Damian's mother appeared at the hearing but Damian did not. Efforts to locate him in his scheduled class proved futile. The hearing proceeded without him and he was suspended for three days in absentia. Shortly after the hearing concluded (around 9:30 A.M.), Damian showed up at the housemaster's office, apparently of his own volition. The housemaster called the assistant headmaster for the school and informed her of the events of Friday, Monday, and the missed hearing that morning.

The assistant headmaster came to the housemaster's office where a Boston school police officer joined them. After the assembled group moved to a nearby empty classroom, the assistant headmaster conducted what she described as an "administrative search" of Damian. The search began with her verbally inquiring whether Damian had any contraband in his possession. When he replied in the negative, the assistant headmaster advised him that she intended to search him, and instructed him to empty his pockets. The contents of his pockets included a lighter and a small cigar, neither of which were contraband. The assistant headmaster then proceeded to pat the legs of Damian's pants, and, not finding anything, she instructed him to remove his shoes. Inside one of his shoes was a pair of folded socks, acting almost like a shoe liner. The assistant headmaster removed and unfolded the socks and found a small bag of marijuana concealed within them. At this point, the Boston school police officer took over the search and arrested Damian.

A complaint alleging delinquency by reason of possession of a controlled substance was brought against Damian in the juvenile session of the West Roxbury Division of the District Court Department. He filed a motion to suppress the evidence, contending that he was searched in violation of his Fourth Amendment and art. 14 rights. The motion was denied. A jury-waived trial followed in the Boston Juvenile Court, after which Damian was found delinquent. He appealed, and we transferred the case to this court on our own motion.[1]

2. *Discussion.* It is well settled that the Fourth Amendment's prohibition on unreasonable searches and seizures applies to searches conducted by public school officials, *New Jersey* v. *T.L.O.*, 469 U.S. 325, 333 (1985); *Commonwealth* v. *Carey*, 407 Mass. 528, 531 (1990), and notwithstanding the legitimate goal of school administrators to maintain a safe learning environment, students continue to have a legitimate expectation of privacy in their persons and in the items they bring to school. *New Jersey* v. *T.L.O.*, *supra* at 338-339. See *Tinker* v. *Des*

[1]We acknowledge receipt of amicus briefs from The Children's Law Center of Massachusetts, Inc.; the Committee for Public Counsel Services; and the Attorney General.

*Moines Indep. Community Sch. Dist.*, 393 U.S. 503, 506 (1969). However, in recognition that, in the school environment, there is a "special need for an immediate response to behavior that threatens either the safety of school-children and teachers or the educational process itself," the United States Supreme Court has excepted school searches from the Fourth Amendment's warrant and probable cause requirements. *New Jersey* v. *T.L.O.*, *supra* at 353 (Blackmun, J., concurring). In place of these protections, the Court has held that the Fourth Amendment requires searches of students by school administrators to be reasonable under all the circumstances. *Id.* at 341.[2]

In assessing the reasonableness of a student search, we need to consider whether the search was justified at its inception and whether it was limited in its execution to the circumstances which justified the intrusion in the first place. *New Jersey* v. *T.L.O.*, *supra* at 341. In ordinary circumstances, a search will be justified at its inception "when there are reasonable grounds [reasonable suspicion] that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *Id.* at 342. The requirement of reasonable suspicion, while not a requirement of absolute certainty, is one of "sufficient probability . . . the touchstone of reasonableness under the Fourth Amendment." *Id.* at 346, quoting *Hill* v. *California*, 401 U.S. 797, 804 (1971). A reasonable suspicion is not a "hunch" or an "inchoate and unparticularized suspicion"; it is " 'a common-sense conclusio[n] about human behavior' upon which 'practical people' — including government officials — are entitled to rely." *New Jersey* v. *T.L.O.*, *supra*, quoting *Terry* v. *Ohio*, 392 U.S. 1, 27 (1968), and *United States* v. *Cortez*, 449 U.S. 411, 418 (1981). *Commonwealth* v. *Carey*, *supra* at 534. If a search is justified by reasonable suspicion at its inception, it must also be limited in scope to those measures "reasonably related to the objectives of the search and not

---

[2]This court similarly has held that art. 14 does not require a search warrant as a prerequisite to the search of a student by a school administrator, except where the administrator is explicitly acting on behalf of law enforcement officials. *Commonwealth* v. *Snyder*, 413 Mass. 521, 528 (1992). We have not had occasion to determine whether the requirements of art. 14 impose a standard stricter than the "reasonableness under all the circumstances" standard imposed by the Fourth Amendment. *Id.* at 529.

excessively intrusive in light of the age and sex of the student and the nature of the infraction." *New Jersey* v. *T.L.O., supra* at 342.

Turning to the facts of this case, it is undisputed that the only basis for the search was Damian's truant behavior (i.e., being out of the school building and missing a class on Friday, and not being in his proper class on Tuesday when he failed to attend his disciplinary hearing) and his failure to bring his mother to school on Monday to meet with the housemaster about his truant conduct. School officials had no evidence that suggested Damian was in possession of contraband when they searched him on Tuesday, October 26, or that he had violated any law or any school rule other than truancy. There was no testimony at the motion hearing that Damian's physical appearance or conduct suggested his use or possession of contraband, or that school officials had received information from any source that Damian was in possession of or had ever been in possession of contraband in school.[3]

The assistant headmaster contended the "administrative search" was appropriate because the student had violated school rules, and a violation of school rules is an adequate basis, under the Boston public school policy on the subject of student searches, to justify a search. This contention is based on a misunderstanding of the *T.L.O.* decision and a misreading of the Boston public school policy. Both are consistent in limiting student searches to those occasions when the school administra-

---

[3]Contrast *Commonwealth* v. *Snyder, supra* at 523-530 (tip to teacher from another student that defendant had offered him marijuana and shown him video cassette case containing three bags of marijuana justified search); *Commonwealth* v. *Carey*, 407 Mass. 528, 535 (1990) (school administrators' preexisting knowledge of defendant's Friday afternoon brawl and two students' eyewitness report of gun in defendant's hands justified search). See *Bridgman* v. *New Trier High Sch. Dist. No. 203*, 128 F.3d 1146, 1149-1150 (7th Cir. 1997) (bloodshot eyes, dilated pupils, and unruly behavior supported reasonable suspicion to justify search); *Cornfield* v. *Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1322-1323 (7th Cir. 1993) (erratic behavior coupled with prior report that student was dealing drugs, was found in possession of live bullet in school, smelled of marijuana while on school bus, and had unusual bulge in clothing created reasonable suspicion to search student); *Widener* v. *Frye*, 809 F. Supp. 35, 38 (S.D. Ohio 1992), aff'd, 12 F.3d 215 (6th Cir. 1993) (strong odor of marijuana and "sluggish" and "lethargic" behavior provided reasonable grounds to search student).

tor has reasonable grounds to believe that the search will yield evidence that the student has violated or is violating either the law or the rules of the school. A violation of school rules, standing alone, may or may not provide reasonable grounds for such a search. It will depend on whether the specific facts of the violation create a reasonable suspicion of wrongdoing, the evidence of which is likely to be found in a search of the student. In this case, we conclude that they do not.

Damian was not searched for evidence of his uncontested truancy; he was searched for contraband. It was pure speculation to conclude that, because Damian was out of class for a period of time during the day, he was likely to have contraband.[4] The possibility that he had contraband with him when he missed his class and his hearing on Tuesday seems no more likely than the possibility that he had no contraband at all. Indeed, because he voluntarily appeared at the housemaster's office after missing the hearing, it would seem more likely that if there had been contraband it would have been gone by then. In any event, the school administration had neither empirical data nor information of an individualized nature from which any reasonable conclusion about either of these possibilities could have been drawn. Damian's unexplained failure to bring his mother to Monday's scheduled meeting added nothing of relevance to the factual basis on which the school claims the search was reasonable. Possibility and speculation, like hunches and unparticularized suspicion, do not constitute reasonable grounds for the search of a student. The search was unreasonable at its inception.

Because we conclude that the search of Damian did not meet the reasonableness standard required by the Fourth Amendment, we need not address the constitutionality of its scope, or whether

---

[4] See, e.g., *Cales* v. *Howell Pub. Schs.*, 635 F. Supp. 454, 457 (E.D. Mich. 1985) ("ducking" behind car in school parking lot when student should have been in school did not create reasonable suspicion that search would turn up evidence of drugs); *In re William G.*, 40 Cal. 3d 550, 566 (1985) (that student was tardy or truant from class provided no reasonable basis for conducting search of any kind); *State* v. *B.A.S.*, 103 Wash. App. 549, 553 (2000) (holding that suspicion that student violated closed campus rule by being in parking lot did not provide reasonable ground for concluding that search would reveal evidence of that or additional violations of law or school rules).

art. 14 imposes a standard stricter than reasonableness on student searches. We vacate the judge's order denying the motion to suppress. The finding of delinquency is vacated and a finding of not delinquent shall enter.

*So ordered.*