COMMONWEALTH *vs*. PATRICK H. MILLER.

No. 10-P-613.

Middlesex. November 3, 2010. - March 2, 2011.

Present: CYPHER, GRAHAM, & KATZMANN, JJ.

*Search and Seizure,* Motor vehicle. *Constitutional Law,* Search and seizure.
   *Motor Vehicle,* Operating under the influence, Registration. *Administrative
   Law,* Regulations.

A District Court judge properly allowed a criminal defendant's motion to sup-
   press evidence obtained by State police during a search of the defendant's
   motor vehicle, where the trooper based his stop on a mistake of law,
   namely, the entirely erroneous belief that a stripe on the defendant's license
   plate violated 540 Code Mass. Regs. § 2.23(3) (2008). [862-867]

COMPLAINT received and sworn to in the Woburn Division of
the District Court Department on May 4, 2009.

A pretrial motion to suppress evidence was heard by *Mari-
anne C. Hinkle*, J.

An application for leave to prosecute an interlocutory appeal
was allowed by *Margot Botsford*, J., in the Supreme Judicial
Court for the county of Suffolk, and the appeal was reported by
her to the Appeals Court.

*Ryan P. Sullivan*, Assistant District Attorney, for the
Commonwealth.

*Travis J. Jacobs* for the defendant.

CYPHER, J. The defendant, Patrick H. Miller, was charged with
operating a motor vehicle under the influence of alcohol (third
offense), and two civil infractions, namely failure to properly
display registration plates and a safety standard violation (cracked
windshield). After an evidentiary hearing, a District Court judge
allowed the defendant's motion to suppress evidence. The judge
ruled that the stop of the defendant's motor vehicle was improper
because it was based on a regulation that exceeded the authority

of the enabling statute. A single justice of the Supreme Judicial Court for Suffolk County granted the Commonwealth's application for leave to prosecute an interlocutory appeal, see Mass.R. Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996), and transferred the matter to the Appeals Court.

The judge set forth her findings in a written memorandum of decision. The facts are not in dispute and we recite them here.

"Trooper Dana Shea has been employed by the Massachusetts State Police for five years. Prior to joining the State Police Trooper Shea graduated from the State Police Academy and he served as a Melrose police officer for six years.

"On April 30, 2009 at approximately 9:10 p.m., Trooper Shea was traveling on Route 93 South in Stoneham . . . . Trooper Shea's attention was drawn to a GMC van that moved from the second travel lane into the first travel lane in front of the trooper's cruiser.

"Trooper Shea noticed that the vehicle's rear license plate had a black stripe across the bottom that covered the words 'Spirit of America.' The stripe did not cover the license plate number, the sticker that identified the month of registration or the word 'Massachusetts' in any way. A photograph of the license plate with the stripe covering the words 'Spirit of America' was introduced as Exhibit 1.[1]

"Trooper Shea decided to stop the car because the [words 'Spirit of America' were] obscured. He did not observe any traffic violation or any erratic operation of any kind. Trooper Shea signaled for the vehicle to pull over and it did so. As the trooper approached the vehicle from the passenger side he had a better opportunity to see the black stripe on the license plate and he was then able to see that the stripe appeared to be a camera. Trooper Shea testified that all red Massachusetts license plates have the words 'Spirit of America' underneath the registration number.

---

[1] We have examined a copy of the photograph, which was included in the record appendix.

The trooper eventually cited the defendant for a violation of 540 [Code Mass. Regs. § ] 2.23(3).

"When Trooper Shea was standing by the passenger side window he saw that there was a large crack in the windshield that went from the driver's side to the middle of the windshield. . . ."

On appeal, the Commonwealth argues that the regulation that the trooper relied on to stop the vehicle, 540 Code Mass. Regs. § 2.23(3) (2008), did not exceed the scope of the enabling statute, G. L. c. 90, § 6, as amended through St. 1971, c. 207, as the motion judge ruled, but rather that it was within the broad authority that the Legislature delegated to the agency, in this case the Registry of Motor Vehicles (RMV), to promulgate regulations pertaining to the "use and operation of motor vehicles." See G. L. c. 90, § 31, as amended through St. 1966, c. 222, § 1. Accordingly, the Commonwealth argues that the motion to suppress should have been denied because the stop was proper.[2]

"In reviewing the denial of a motion to suppress, we accept

---

[2]We pause to note that neither party, properly, has challenged the use of a suppression motion to raise a claim that a police officer was not justified in stopping a motor vehicle. Because the core issue is whether evidence of operating a motor vehicle under the influence of alcohol was obtained in violation of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights and, in turn, whether it is admissible at trial, the claim is properly pursued in a motion to suppress, regardless of the theory on which it is based. See generally Smith, Criminal Practice and Procedure §§ 24.4 & 24.66 (3d ed. 2007 & Supp. 2010) (after the United States Supreme Court decided Mapp v. Ohio, 367 U.S. 643, 653-660 [1961], the Supreme Judicial Court adopted a method for filing what became termed "suppression motions" prior to trial, to challenge the admissibility of evidence obtained as a result of alleged police misconduct); and Commonwealth v. Amral, 407 Mass. 511, 516 (1990) ("Suppression is a remedy designed by the courts, as a matter of policy, to deter future police misconduct"). See also Illinois v. Krull, 480 U.S. 340, 349-350, 358-361 (1987) (In an appeal from the allowance of a motion to suppress, the Court ruled that the Fourth Amendment to the United States Constitution did not require suppression of evidence obtained by an officer acting in objectively reasonable reliance on a statute [permitting an administrative search] later declared unconstitutional).

We further note that, had the issue here been framed as a direct challenge to the charge (rather than as a challenge to the admissibility of evidence resulting from a police stop), a motion to dismiss would be the appropriate vehicle

the judge's findings of fact absent clear error." *Commonwealth v. Damian D.*, 434 Mass. 725, 726 (2001). We then "conduct an independent review of [the judge's] ultimate findings and conclusions of law." *Commonwealth v. Jimenez*, 438 Mass. 213, 218 (2002). Our duty is to determine "the correctness of the judge's application of constitutional principles to the facts as found." *Commonwealth v. Mercado*, 422 Mass. 367, 369 (1996).

Here, there is no dispute that the trooper stopped the defendant's motor vehicle solely on the basis that he believed the defendant's rear license plate, with the black stripe covering the words "Spirit of America," constituted a violation of 540 Code Mass. Regs. § 2.23(3) (2008). That regulation, promulgated by the RMV, provides in relevant part as follows:

> "Nothing contained in 540 [Code Mass. Regs. § ] 2.00 shall be construed to prohibit the use of *any metal or other frame covering, the border* of any such reflectorized number plate so long as *such frame* does not cover or obscure in any manner the register number or any other words, symbols or numbers lawfully imprinted on or affixed to such number plate" (emphases supplied).

It is also without dispute that the RMV may promulgate regulations "governing the use and operation of motor vehicles" under G. L. c. 90, § 31, and that G. L. c. 90, § 6, sets forth the specific parameters within which the display of a license or number plate may be regulated. The pertinent portion of G. L. c. 90, § 6, reads as follows:

> "Every motor vehicle . . . registered under this chapter when operated in or on any way in this commonwealth *shall have its register number displayed conspicuously thereon* by the number plates furnished by the registrar . . . . *The said number plates shall be kept clean with the numbers legible and shall not be obscured in any manner by the installation of any device obscuring said numbers,*

by which to claim the complaint or indictment was invalid. See generally G. L. c. 277, § 47A; Mass.R.Crim.P. 13(c), as appearing in 442 Mass. 1517 (2004); and *Commonwealth v. Hendricks*, 452 Mass. 97, 98 n.1 (2008) (facial challenge to statute which defendant charged with violating must be raised in pretrial motion to dismiss).

and during the period when the vehicle or trailer is required
to display lights the rear register number shall be illuminated
so as to be plainly visible at a distance of sixty feet."
[Emphases supplied.]

In analyzing the claim, the motion judge began by noting that
under G. L. c. 90, § 6, the numbers on a license plate must be
legible and that "[t]he reasons for such a statute are obvious;
other motorists and law enforcement officers must be able to
identify the registration number, identify the state of registra-
tion, and tell whether the registration appears to be valid." The
judge concluded, however, that the regulation "broadens the
scope of the statutory prohibition and prohibits even a license
plate cover if it covers any words that are printed on the license
plate including the 'Spirit of America.' There is no significant
difference (in regard to this issue) between the stripe (that ap-
peared to be a camera) placed at the bottom of this license plate
that covered the words 'Spirit of America' and a license plate
cover that does the same thing." The motion judge ruled that in
the absence of any clear showing by the Legislature that it
intended that such a covering on a license plate be the sole
basis for a stop by a police officer, the stop was not justified.

The judge's conclusion has merit. The enabling statute ad-
dresses only the registration number on a license plate and
requires that it be conspicuously displayed, illuminated at night,
and appropriately reflective. The regulation, however, goes
further and prohibits a frame on the license plate from covering
*any* words or symbols, even those other than the registration
number. Regardless of the merits of particular regulations, "an
administrative agency has no authority to promulgate rules or
regulations that conflict with the statutes or exceed the authority
conferred by the statutes by which the agency was created."
*Massachusetts Mun. Wholesale Elec. Co.* v. *Energy Facilities
Siting Council*, 411 Mass. 183, 194 (1991), and cases cited
therein. See *Souza* v. *Sheriff of Bristol County*, 455 Mass. 573,
584 (2010) (same). It would appear, therefore, that the regula-
tion is indeed invalid because it exceeds the scope of the enabling
statute. We note, however, that such a conclusion would *not*
necessarily result in the suppression of evidence.

Federal and State decisional law has held that when a police

officer objectively and reasonably relies on an act of another government body (such as a legislative enactment or agency records) and the actions of that government body are later determined to be incorrect or invalid, evidence obtained by the otherwise proper actions of the police need not be suppressed. See, e.g., *Illinois* v. *Krull*, 480 U.S. 340, 349 (1987) (court ruled that "evidence obtained by an officer acting in objectively reasonable reliance on a statute" need not be suppressed when statute is later determined to be unconstitutional because it serves no purpose to penalize officer for Legislature's error); *Commonwealth* v. *Wilkerson*, 436 Mass. 137, 141-142 (2002) (officer arrested defendant on basis of information and records provided by RMV; even though RMV records later turned out to be erroneous, court upheld arrest because officer had done nothing wrong and thus, there was no "unlawful conduct for exclusion of the evidence to deter"). Therefore, even if the regulation were deemed invalid, evidence obtained after a stop based on that regulation would be admissible in evidence at trial.

As a matter of prudence, we should not address the validity of a regulation unless it is necessary to do so. See generally *Commonwealth* v. *Argueta*, 73 Mass. App. Ct. 564, 569 (2009). It is not necessary to do so here. The plain language of the regulation demonstrates that it is inapplicable to this case because it only relates to license plate frames, not "stripes." The regulation, 540 Code Mass. Regs. § 2.23(3), commences with the clause "*[n]othing* in 540 [Code Mass. Regs. § ] 2.00 shall be construed to *prohibit* the use of *any metal or other frame covering, the border* of any such reflectorized number plate . . ." (emphases supplied). By commencing with a double negative in combination with the words "any . . . frame covering, the border," the clause dictates that license plate frames, which by definition encircle the entire plate,[3] and, we note, are in common usage, are permitted. The following clause merely limits those frames to ones that do not cover "the register number or

---

[3] See Webster's Third New International Dictionary 902, 255 (1993) ("frame" is "an open case or structure made for admitting, enclosing, or supporting something [as one that encloses a window, door, or picture]"; and "border" is "an outer part or edge: the part that parallels the boundary or outline of something").

any other words, symbols or numbers lawfully imprinted on or affixed to such number plate." Because a black stripe on the bottom of the license plate is not a "frame" on the "border" of the plate, the regulation has no applicability to its use.

The motion judge's conclusion is not to the contrary. In the context of concluding that *any* regulation that prohibits covering the words at the bottom of the plate ("Spirit of America"), whether by a frame or a black stripe, would be broader than the prohibition under G. L. c. 90, § 6, the judge found any difference between a stripe and a frame irrelevant. In other words, the judge postulated that regardless of what covers the superfluous words at the bottom of the plate, any regulation prohibiting such covering would exceed the parameters of the enabling statute. The judge did not consider, however, nor was she asked to do so, whether the covering at issue in this case fell within the regulation.

Because the trooper based his stop on the entirely erroneous belief that the stripe on the defendant's license plate violated 540 Code Mass. Regs. § 2.23(3), the stop was based on a mistake of law and not one of fact. The trooper believed that these facts gave him a reasonable basis to believe that the defendant was violating a regulation when, as matter of law, he was not. See *Commonwealth* v. *Porter P.*, 456 Mass. 254, 267-268 (2010) (search invalid where officer misunderstood law and incorrectly determined that manager could consent to search of juvenile's room). The trooper did not have any basis to stop the defendant; therefore the stop was improper and the evidence obtained as a result of that stop must be suppressed. See *ibid.*; *Commonwealth* v. *Censullo*, 40 Mass. App. Ct. 65, 65-66, 69-70 (1996) (evidence suppressed where stop of defendant was based on officer's own mistaken belief that street was one way and that defendant was traveling wrong way on it, but street was legally a two-way street). See also *Commonwealth* v. *Rivas*, 77 Mass. App. Ct. 210, 216-217 & n.6 (2010) (stops premised on police officer's mistake of law, even a reasonable, good-faith mistake, are generally held to be unconstitutional), and cases cited therein. See generally *Commonwealth* v. *Chown*, 76 Mass. App. Ct. 684, 696 (2010) (Trainor, J., dissenting) (quoting from *United States* v. *Chanthasouxat*, 342 F.3d 1271, 1280 [11th Cir.

2003]) ("even though the officer may have acted in good faith, 'the good faith exception to the exclusionary rule . . . should not be extended to excuse a vehicular search based on an officer's mistake of law' "), further appellate review granted, 457 Mass. 1107 (2010).

We affirm the judge's allowance of the motion to suppress, albeit on grounds different from those relied on by the motion judge. *Commonwealth* v. *Va Meng Joe*, 425 Mass. 99, 102 (1997) ("An appellate court is free to affirm a ruling on grounds different from those relied on by the motion judge if the correct or preferred basis for affirmance is supported by the record and the findings").

> *Order allowing motion to suppress affirmed.*