On March 9, 2016, the defendant admitted to sufficient facts on charges of possession of an electric stun gun, see G. L. c. 140, § 131J, and possession with intent to distribute cocaine, see G. L. c. 94C, § 32A ; upon his admission, both charges were continued without a finding (CWOF) and the defendant was placed on probation. A few months later, the defendant committed new offenses and a violation of probation warrant issued for the new offenses.[2] The defendant then filed a motion to vacate his guilty plea, which was denied by a judge of the Boston Municipal Court. On August 15, 2016, the same judge found the defendant in violation of his probation on both underlying charges, revoked his probation, and sentenced the defendant to a six-month term only on the conviction for possession with intent to distribute cocaine.[3] The defendant appeals both from the denial of his motion to vacate his admission and from the finding that he violated his probation. We affirm all but the conviction of possession of an electric stun gun, which must be vacated.
"A postsentence motion to withdraw a plea is treated as a motion for a new trial." Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000). We review a judge's decision denying a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016) (quotations omitted).
On appeal, the defendant does not claim that he did not have knowledge of the elements of the charges against him or the procedural protections waived by admitting to sufficient facts. See Commonwealth v. Cotto, 471 Mass. 97, 105 (2015). Instead, the defendant argues that he did not intelligently tender his admission because he did not know that Caetano v. Massachusetts, 136 S.Ct. 1027 (2016), a case addressing the constitutionality of the stun gun statute, G. L. c. 140, § 131J, was pending before the United States Supreme Court.[4] In rejecting the defendant's assertion that he would not have entered an admission to sufficient facts on the charges of possession of a stun gun and possession of cocaine with intent to distribute had he known that the stun gun statute was under review by the Supreme Court, the motion judge did not abuse his discretion.
"[A]bsent misrepresentation or other impermissible conduct by state agents ... a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 397 U.S. 742, 757 (1970). Furthermore, even if the defendant's averments-that had he known about the Caetano appeal he would have asked for a continuance of trial, moved to dismiss the charges against him, or moved to suppress the cocaine seized-were credited by the motion judge, the defendant did not meet his burden of showing a reasonable probability that it would have been rational for him to proceed to trial, since the evidence supporting the cocaine charge was extremely strong and the resulting CWOF with probation on that charge was a very favorable disposition as a result of the plea.[5] See Commonwealth v. Roberts, 472 Mass. 355, 365 (2015). As the defendant's plea counsel observes in his affidavit, a continuance of the trial on the stun gun statute pending Supreme Court review would only have given the Commonwealth time to obtain a certificate of drug analysis, which would have further improved the case against the defendant on the cocaine possession charge at a later trial date.[6]
We likewise reject the defendant's contention that the motion judge abused his discretion in finding the defendant in violation of his probation. "Any conduct by a person on probation [that] constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation." Commonwealth v. Durling, 407 Mass. 108, 112 (1990), quoting from Rubera v. Commonwealth, 371 Mass. 177, 180-181 (1976). A probation revocation hearing does not carry with it "the 'full panoply of constitutional protections applicable at a criminal trial.' " Commonwealth v. Bukin, 467 Mass. 516, 520 (2014), quoting from Durling, supra at 112-113. Hearsay evidence is admissible and can form the sole basis for a revocation if it has "substantial indicia of reliability."[7] Durling, supra at 118. The burden is on the Commonwealth to prove a violation by a preponderance of the evidence. See Bukin, supra at 520.
In finding the defendant in violation of his probation, the motion judge looked to the police incident report, which he found to be substantially reliable. The report was based on the personal knowledge and direct observations of the arresting officers, drafted the same night as the defendant's arrest. The report details the basis for the officers' stop of the vehicle, where the vehicle was stopped, where the defendant was sitting, why they ordered the driver and defendant out of the car, the interaction and conversations between the officers and the defendant and driver, that the defendant had been sitting on the bag that contained the firearm, and that the defendant made an admission that the firearm belonged to him. The judge also heard testimony from the probation officer that, based on the defendant's supervising probation officer's case notes, the defendant had failed to pay the required monthly probation fees or maintain employment. Under these circumstances, the judge permissibly relied on the evidence to find the defendant in violation of his probation.
The defendant's conviction for possession of an electric stun gun is vacated pursuant to Ramirez v. Commonwealth, 479 Mass. 331 (2018), the finding is set aside, and judgment is to enter for the defendant on that count. The remaining judgment is affirmed. The order denying the motion for new trial is affirmed. The order revoking probation is affirmed.
So ordered.
affirmed in part; vacated in part.

The defendant was arrested on May 27, 2016, and charged on May 31, 2016, with unlawfully carrying a firearm and unlawful possession of ammunition. See G. L. c. 269, §§ 10(h )(1), 10(n ), 10G(a).

The judge originally sentenced the defendant to concurrent six-month terms in the house of correction, but later that day amended the sentence to apply only to the conviction for possession with intent to distribute cocaine. On the charge of unlawful possession of a stun gun, a guilty finding was entered and probation was terminated.

In Commonwealth v. Caetano, 470 Mass. 774 (2015), the Supreme Judicial Court held that § 131J did not violate the Second Amendment to the United States Constitution right to bear arms, as interpreted by District of Columbia v. Heller, 554 U.S. 570 (2008). In Caetano v. Massachusetts, 136 S.Ct. 1027 (2016), a decision issued twelve days after the defendant entered his guilty pleas, the Supreme Court rejected the several rationales offered by the Supreme Judicial Court, vacated the judgment, and remanded the case for further proceedings. Following the remand, Caetano was dismissed as moot after it was resolved to the parties' mutual satisfaction. On April 17, 2018, however, the Supreme Judicial Court released its opinion in Ramirez v. Commonwealth, 479 Mass. 331 (2018), declaring that § 131J is unconstitutional.

The defendant was facing up to two and one-half years in a house of correction (or up to ten years in State prison if indicted) for possession of cocaine with the intent to distribute. See G. L. c. 94C, § 32A(a ). The police report indicates that the case against the defendant was strong given the number of bags of cocaine recovered from him, his possession of a large amount of currency, and the fact that his cellular telephone was ringing nonstop during booking. By admitting to sufficient facts, the defendant not only avoided jail time, he had the potential to avoid a guilty finding if he successfully completed probation. By admitting to both charges, it also permitted the defendant to receive concurrent probationary sentences.

Moreover, the defendant has put forth no evidence to suggest that a motion to suppress the cocaine would have been successful. The constitutionality of § 131J would have no bearing on the arrest of the defendant and resulting search, which were proper as the officers were acting in accordance with the law as it existed at that time. See Commonwealth v. Miller, 78 Mass. App. Ct. 860, 864-865 (2011).

Such indicia include whether a hearsay statement is factually detailed, based on personal knowledge and direct observation, made close in time to the events to which it pertains, provided under circumstances that support the veracity of the source, and provided by a disinterested witness. See Commonwealth v. Negron, 441 Mass. 685, 691 (2004).