Darrell SINGLETON, a minor, by and through his mother and next friend, Helen Smith, Plaintiff,

v.

BOARD OF EDUCATION USD 500, Thomas Barry, Jim Antos, and Bernice Cottrell, Defendants.

Civ. A. No. 94–2453–GTV.

United States District Court, D. Kansas.

June 29, 1995.

George E. Mallon, George E. Mallon, P.A., Kansas City, KS, for plaintiffs Helen Smith, mother and next friend of Darrell Singleton, a minor, Darrell Singleton.

Deryl W. Wynn, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendants USD 500, Bd. of Educ., Thomas Berry, Jim Antos, Bernice Cottrell.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This civil rights case is before the court on defendants' motion for summary judgment (Doc. 12). For the reasons set forth below, the motion is granted.

The plaintiff's claim is brought under 42 U.S.C. § 1983 and alleges that his constitutional rights were violated when he was subjected to an unreasonable search on October 2, 1992, at Central Middle School. Defendants are the school board, the school principal and two assistant principals. Plaintiff seeks money damages.

The plaintiff originally filed this action in the District Court of Wyandotte County, Kansas. The defendants removed the case to this court and now have moved for summary judgment on the grounds that the defendants have qualified immunity from suit under *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The defendants claim that there is no genuine issue of material fact as to the reasonableness of the search and that they are therefore entitled to summary judgment.

### I. Facts

Except as noted, the following facts are either uncontroverted or, if controverted, construed in the light most favorable to the plaintiff. Immaterial facts and factual averments not properly supported by the record are omitted. The court notes that while plaintiff purports to controvert several of defendants' statements of undisputed facts, he frequently fails to cite record support for his position. Controverted facts must be supported by reference to record evidence. *See* D.Kan.Rule 206(c). Those portions of defendants' statement of facts not specifically controverted with support in the record are deemed admitted. *See Berry v. City of Phillipsburg,* 796 F.Supp. 1400, 1403 (D.Kan. 1992).

The plaintiff, Darrell Singleton, was a thirteen year old male student at Central Middle School in 1992. On October 2, 1992, he left gym class to meet with defendant Bernice Cottrell, an assistant principal, at the school office. An adult woman, later identified by plaintiff as Ms. Vivian Williams, met plaintiff outside the office. Williams accused plaintiff of stealing $150.00 from the front seat of her car. A second assistant principal, defendant Jim Antos, observed the argument between plaintiff and Williams, and heard Williams say to plaintiff, "You need to give the money back." Antos took the plaintiff to his office and went to speak to the principal, defendant Thomas Barry.

Meanwhile, Cottrell escorted Williams to her office and discussed Williams' allegations. A few minutes later, Cottrell related to Antos that Williams was upset and was accusing plaintiff of stealing $150.00 from the front seat of her car. Williams also told Cottrell that plaintiff's mother sold drugs and that this activity adversely affected plaintiff's behavior. Cottrell also related that Williams wanted to call the police because plaintiff "was in a lot of trouble with the police already," but had changed her mind. Cottrell then requested Antos to question plaintiff further and to search plaintiff for the money.

Antos returned to his office and then brought plaintiff into Barry's office. Barry, Antos, and plaintiff were the only persons present in Barry's office. The door to the office was closed. Antos told plaintiff that he needed to ask him some questions about being in possession of a large amount of cash and/or crack cocaine.

The next sequence of events is disputed. According to the plaintiff in his affidavit sub-

mitted in response to the summary judgment motion, Antos first reached into his cut-off jeans pockets and turned them inside out. He then had plaintiff raise each of his legs and took off the plaintiff's shoes and socks and searched them. He patted the plaintiff down in the crotch area. He then unbuttoned plaintiff's cut-offs and lowered them to his knees. He searched the inside waist band of his boxer shorts. The plaintiff then pulled up his shorts. Antos then had plaintiff hold up his arms while Antos removed his shirt and shook it. Antos searched the pockets of the shirt and unrolled the collar. The plaintiff was then allowed to put his shirt back on. In his affidavit, the plaintiff states that he was not wearing a t-shirt that day.

This version of events conflicts with plaintiff's earlier interrogatory response in which he stated that he had been wearing gym shorts, jeans, jockey shorts, shirt, and a t-shirt. In the interrogatory responses, plaintiff does not detail the search, but does state that he was told to remove his jeans, shirt, shoes and socks and turn the pockets of his jeans and gym shorts inside out. The interrogatory responses do not indicate that either the principal or assistant principal had any physical contact with plaintiff during the search. Plaintiff's affidavit also conflicts with the affidavits of Antos and Barry.

■ Plaintiff's affidavit must be considered as true for summary judgment purposes unless the court believes that the affidavit creates a sham issue of fact. *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 894 (5th Cir.1980). "Factors relevant to the existence of a sham fact issue include whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Franks v. Nimmo,* 796 F.2d 1230, 1237 (10th Cir.1986).

■ Courts applying this test have generally found a sham issue of fact to exist when an affidavit conflicted with prior deposition testimony which was much more detailed than the interrogatory responses at issue in this case. *See Price v. Public Service Co. of Colo.,* 850 F.Supp. 934, 942 (D.Colo.1994); *City of Chanute v. Williams Natural Gas Co.,* 743 F.Supp. 1437, 1450 (D.Kan.1990), *aff'd,* 955 F.2d 641 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992). In this case, plaintiff did not make the earlier statement by testimony, but rather through a brief interrogatory response most likely prepared by his attorney. Because the interrogatory response contains little detail of the events in question, the court cannot conclude that the affidavit was an attempt to create a sham fact issue. Thus, plaintiff's affidavit will not be stricken.

After plaintiff was searched, the principal and assistant principals accompanied plaintiff to his locker. Antos unlocked the locker and he and Cottrell searched plaintiff's coat, books, and papers.

These searches uncovered no money or contraband.

Prior to this incident, Barry had discouraged students and staff from bringing large sums of money to school. Teachers often reported students who were observed with large amounts of cash. On those occasions Barry and Antos brought the students to the office and explained to them the school's policy on carrying large sums of money.

At the time of this incident, the school board had published written policies and procedures regarding searches of students and seizure of personal property on school premises.

## II. Legal Standards

■ Under Fed.R.Civ.P. 56(c), summary judgment is proper only if the evidence, reviewed in the light most favorable to the plaintiff, the party opposing the motion, demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See Deepwater Inv., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by showing that there is an absence of evidence to support the non-moving par-

ty's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and a "genuine" issue is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

■ Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

■ "Special rules apply when a defendant raises the defense of qualified immunity in a summary judgment motion." *Cummins v. Campbell,* 44 F.3d 847, 850 (10th Cir.1994). When a defendant raises qualified immunity in a summary judgment motion, the plaintiff "must initially make a twofold showing." *Id.* at 850. The plaintiff must first show that the defendant's "alleged conduct violated the law." *Id.* Second, the plaintiff must show "that the law was clearly established when the alleged violation occurred." *Id.* In order to carry this burden, the plaintiff must do more than merely allege a violation, but instead must articulate the defendant's conduct which violated the clearly established law. *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 645 (10th Cir. 1988).

■ If the plaintiff fails to make this two-part showing, the defendant prevails. *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir.1990). If the plaintiff succeeds, the burden shifts to the defendant to show that no material issues of fact remain that would defeat defendant's claim that he or she is entitled to judgment as a matter of law. *Cummins,* 44 F.3d at 850.

### III. Analysis

■ As of the date of this search, the law regarding the constitutionality of student searches was clearly established. In *New Jersey v. T.L.O.,* 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), the Supreme Court held that the Fourth Amendment applies to searches made in public schools. A student's legitimate expectations of privacy are protected by the Fourth Amendment against unreasonable searches. *Id.* at 340, 105 S.Ct. at 742. The student's interest is balanced against the school's legitimate need to maintain order. *Id.* The Court did not apply the standard of probable cause, as is required before law enforcement officers may initiate a warrantless search, but instead held that the applicable test to determine the validity of a search is the "reasonableness, under all circumstances, of the search." *Id.* at 341, 105 S.Ct. at 742.

■ A two-fold inquiry is used to determine what constitutes "reasonable under all the circumstances." In order to be constitutionally valid, a search must be justified at its inception and the scope of the search must be reasonably related to the circumstances that necessitated a search. *Id.* at 341–42, 105 S.Ct. at 742–43. The Court explained that a search is justified at its inception "when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *Id.* at 342, 105 S.Ct. at 743. Second, the search must be permissible in scope, meaning that "the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." *Id.*

■ Based on the facts of this case, the court finds that the search of plaintiff was justified at its inception. This test focuses on the level of suspicion that the plaintiff had violated either the law or school rules. The potential infraction in this case included not only the possession of a large sum of money at school, but also the possibility that the money had been stolen. The statements of Ms. Williams, alleging that plaintiff had sto-

len a large sum of money from her and that plaintiff had been in trouble with the police, provided reasonable grounds for suspecting that a search would turn up evidence of such a violation. A number of courts have held that information provided by an informant can serve as a basis for a reasonable suspicion that a student may be engaged in illegal activity. *See, e.g., Williams v. Ellington*, 936 F.2d 881, 887–89 (6th Cir.1991).

■ The search was also reasonable in its scope in light of plaintiff's age and sex and the nature of the suspected infraction. The search was conducted in the privacy of the principal's office with only two male administrators present. Plaintiff was never required to remove his underwear, and he was not touched inappropriately. Courts have found similar student searches to be reasonable in scope. *See Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316 (7th Cir.1993); *Williams v. Ellington*, 936 F.2d 881 (6th Cir.1991); *Widener v. Frye*, 809 F.Supp. 35 (S.D.Ohio 1992), *aff'd*, 12 F.3d 215 (6th Cir.1993).

■ Plaintiff also contends that the search of his locker was unreasonable. The defendants have submitted a copy of the school policy which states that a student's possession of his locker is not exclusive as against the school. Locker searches made under the auspices of a previously promulgated school locker search policy have been upheld as constitutional. *Zamora v. Pomeroy*, 639 F.2d 662 (10th Cir.1981). In *Zamora* a locker search was upheld because the school had previously informed the students that it had joint control over the lockers, lowering a student's expectations of privacy. *Id.* at 670. When the probability arose that plaintiff had contraband, in this case missing money, the school had legally sufficient grounds to search plaintiff's locker.

For these reasons, the court finds that plaintiff's constitutional rights were not violated when school officials searched him and his locker on October 2, 1992.

■ Defendants' summary judgment motion is based on the defense of qualified immunity, which can be asserted only by individual officials sued in their individual capacities. The defendant school board has no immunity from damages liability which may flow from its constitutional violations. *Owen v. City of Independence*, 445 U.S. 622, 657, 100 S.Ct. 1398, 1418–19, 63 L.Ed.2d 673 (1980); *see also Monell v. Department of Social Services*, 436 U.S. 658, 696, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611 (1978) (no basis for distinguishing between municipalities and school boards in defining application of § 1983).

■ A § 1983 claim against the school board, however, must be based upon the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690, 98 S.Ct. at 2036. Plaintiff has alleged no such action by the school board. In addition, the court has determined that the individual defendants did not violate plaintiff's constitutional rights. As a result, plaintiff's action against the school board cannot be maintained. *See Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1328 (7th Cir.1993) (Easterbrook, concurring). Plaintiff's § 1983 claim against the school board will be dismissed.

Plaintiff's petition filed in state court does not specify the legal basis under which the action was brought. The language of the petition makes it clear that plaintiff is seeking redress for an alleged constitutional violation and that the action on its face is viable under 42 U.S.C. § 1983. In their summary judgment motion defendants contend that they are also immune from liability under the Kansas Tort Claims Act.

■ Presumably this court would have supplemental jurisdiction over such a state law claim pursuant to 28 U.S.C. § 1367(a). Because plaintiff's § 1983 claim, the only claim over which the court has original jurisdiction, is being dismissed, the court declines to exercise supplemental jurisdiction over any state law claims which plaintiff may have asserted. *See* 28 U.S.C. § 1367(c). To the extent that plaintiff's petition can be construed to include claims based on state law, those claims will be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 12) is granted. Plaintiff's action pursuant to 42 U.S.C. § 1983 is dismissed as to all defendants.

IT IS FURTHER ORDERED that to the extent that plaintiff's action includes claims based on state law, the court declines to exercise jurisdiction, and those claims are dismissed without prejudice.

This case is closed.

**IT IS SO ORDERED.**