Opinion
 

 NEAL, J.
 

 Summary
 

 Random metal detector weapon searches of high school students do not violate the Fourth Amendment constitutional ban on unreasonable searches and seizures.
 

 
 *1526
 
 Facts and Proceedings Below
 

 Appellant is a high school student. Before appellant enrolled, her high school had instituted a written policy for daily weapons searches, in order to protect students and staff. The searches were to be made at random, and persons to be searched selected on neutral criteria. Parents and students were given notice before institution of this practice, and again at frequent intervals.
 

 Searches were conducted using a hand-held metal detector, waved next to the student’s person. Students were asked to open jackets or pockets to reveal items which triggered the detector.
 

 The day appellant was searched the assistant principal determined that those students who entered the attendance office without hall passes, and those who were late, within a half-hour after 8:09 a.m., would be searched. Appellant was one of eight to ten students who met these criteria and were searched. After the metal detector beeped, she was asked to open her pocket, revealing a knife.
 

 Appellant was charged in a juvenile court petition with the crime of bringing on school grounds a knife with a blade longer than 2.5 inches. The trial court denied appellant’s motion to suppress the knife as unlawfully seized, sustained the petition, and ordered appellant home on probation.
 

 This appeal followed. Appellant challenges only the ruling denying her motion to suppress.
 

 Discussion
 

 We find no California case addressing the propriety of a search such as occurred here, but courts in other states have upheld against Fourth Amendment challenge similar searches of students without individualized suspicion. (S
 
 tate
 
 v.
 
 J.A.
 
 (Fla. Dist.Ct.App. 1996) 679 So.2d 316, 320, cert, den., [hand-held metal detector, followed by patdown if metal detected];
 
 In Interest of S.S.
 
 (1996) 452 Pa. Super. 15, 17 [680 A.2d 1172, 1173] [scan of students and patdown of coat; box cutter knife recovered during patdown];
 
 People
 
 v.
 
 Pruitt
 
 (1996) 278 Ill.App.3d 194, 200; [214 Ill.Dec. 974, 662 N.E.2d 540, 544] [patdown by police officer revealed gun after student set off walk-through metal detector];
 
 People
 
 v.
 
 Dukes
 
 (1992) 151 Misc.2d 295,
 
 *1527
 
 298-300 [580 N.Y.S.2d 850, 852] [scanning metal detector used on students and belongings; patdown if detector activated].)
 

 The school cases just cited are part of a larger body of law holding that “special needs” administrative searches, conducted without individualized suspicion, do not violate the Fourth Amendment where the government need is great, the intrusion on the individual is limited, and a more rigorous standard of suspicion is unworkable.
 
 (Vernonia School Dist. 47J
 
 v.
 
 Acton
 
 (1995) 515 U.S. 646 [115 S.Ct. 2386, 132 L.Ed.2d 564] [upholding random drug testing of student athletes];
 
 Michigan Dept. of State Police
 
 v.
 
 Sitz
 
 (1990) 496 U.S. 444 [110 S.Ct. 2481,110 L.Ed.2d 412] [upholding random sobriety checkpoints designed to locate drunk drivers];
 
 Skinner
 
 v.
 
 Railway Labor Executives’ Assn.
 
 (1989) 489 U.S. 602 [109 S.Ct. 1402, 103 L.Ed.2d 639] [upholding postaccident drug testing of railroad employees];
 
 Treasury Employees
 
 v.
 
 Von Raab
 
 (1989) 489 U.S. 656 [109 S.Ct. 1384, 103 L.Ed.2d 685] [upholding suspicionless drug testing of customs officials];
 
 United States
 
 v.
 
 Martinez-Fuerte
 
 (1976) 428 U.S. 543 [96 S.Ct. 3074, 49 L.Ed.2d 1116] [upholding vehicle stops at fixed checkpoints to search for illegal aliens];
 
 Camara
 
 v.
 
 Municipal Court
 
 (1967) 387 U.S. 523 [87 S.Ct. 1727, 18 L.Ed.2d 930] [upholding searches of residences by housing code inspectors].)
 

 The searches involved here met the standard for constitutionality.
 

 The need of schools to keep weapons off campuses is substantial. Guns and knives pose a threat of death or serious injury to students and staff. The California Constitution, article I, section 28, subdivision (c), provides that students and staff of public schools have “the inalienable right to attend campuses which are safe, secure and peaceful.”
 

 The searches in the present case were minimally intrusive. Only a random sample of students was tested. Students were not touched during the search, and were required to open pockets or jackets only if they triggered the metal detector.
 

 Finally, no system of more suspicion-intense searches would be workable. Schools have no practical way to monitor students as they dress and prepare for school in the morning, and hence no feasible way to learn that individual students have concealed guns or knives on their persons, save for those students who brandish or display the weapons. And, by the time weapons are displayed, it may well be too late to prevent their use.
 

 The search here did not violate the Fourth Amendment.
 

 
 *1528
 
 Disposition
 

 The judgment is affirmed.
 

 Johnson, Acting P. J., and Woods, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied April 29, 1998.