[No. E034514. Fourth Dist., Div. Two. July 29, 2004.]

In re CODY S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CODY S., Defendant and Appellant.

COUNSEL

Valoree Wortham, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pamela A. Ratner Sobeck and Laura Stillwell Studebaker, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McKINSTER, J.**—Cody S. (the minor) contends that a search of the locker assigned for his use during his physical education (PE) class and a subsequent search of his backpack were not based on reasonable suspicion, in that the sole basis for the search was a tip from an anonymous informant who reported to school officials that the minor had a knife in his backpack. He also contends that his admission that he had a knife in his backpack should be excluded as the product of the illegal search of his locker.

We hold that there was no search of the locker, and that the minor's admission that he had a knife in his backpack provided school authorities with reasonable suspicion sufficient to justify the intrusion into the minor's backpack without regard to the anonymous tip.

### PROCEDURAL BACKGROUND

A petition pursuant to section 602 of the Welfare and Institutions Code alleged that the minor possessed marijuana for sale (Health & Saf. Code, § 11359) and possessed a knife on school grounds (Pen. Code, § 626.10, subd. (a)). The minor moved to suppress evidence as the product of an illegal search and seizure. Specifically, he contended that there were three illegal searches: of his gym locker, of his backpack and trousers, and of his vehicle. The motion was granted as to the search of the minor's vehicle and denied as to his locker, backpack and trousers.

After the motion was denied, the minor admitted the allegation that he possessed a knife on school grounds. The court found the allegation true. It dismissed the allegation of possession of marijuana for sale, pursuant to an

agreement between the prosecution and the defense, and placed the minor, who was by then 18 years old, on summary probation.

The minor filed a timely notice of appeal.

## DISCUSSION

### Standard of Review

█ The denial of a motion to suppress evidence brought in juvenile proceedings is reviewable on appeal from the final judgment, even if the judgment is predicated upon the minor's admission of the allegations of the petition. (Welf. & Inst. Code, § 800, subd. (a).) On appeal, the reviewing court reviews the evidence in a light favorable to the trial court's ruling and upholds the court's express or implied findings of fact to the extent that they are supported by substantial evidence. We independently determine whether the facts support the trial court's ruling. (*In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1738–1739 [38 Cal.Rptr.2d 902].)

### Facts

The 17-year-old minor was a high school student. On May 21, 2002, campus safety officer Diane Stanley (Stanley) received an anonymous telephone call reporting that the minor had a knife in his backpack. The caller did not say how he knew about the knife and did not say that he had seen it. The only information Stanley had about the caller was that he sounded like a young male.

Stanley had two male safety officers escort the minor from his PE class to her office. She instructed them to have the minor bring his belongings with him. The minor testified that the officers ordered him to open his locker and that "they" took his clothing and backpack out of the locker. "They" stuffed his trousers into the backpack. He reported to Stanley's office in his gym clothes.

When the minor arrived at her office, Stanley told him what the caller had told her.[1] The minor at first denied having a knife, but then recalled that he did have a knife in his backpack, in one of the zippered compartments. He said he had left it there after a camping trip. Stanley opened a zippered compartment of the backpack and found three baggies containing what

---

[1] The minor testified that Stanley told him the caller reported that he had a 12-inch knife in his backpack. Stanley testified that the caller merely said the minor had a knife in his backpack.

appeared to be marijuana residue. She opened another zippered compartment and found a knife with a blade measuring three and three-quarter inches. In a third zippered compartment, she found a baggie of what appeared to be marijuana. She then searched the minor's trousers, which had been inside the backpack, and found $190 in his wallet. The minor said he had just cashed a paycheck.

Stanley told the minor that they were going to search his vehicle, then asked if he minded. The minor replied that he did not mind and provided his keys. The search of his vehicle, which was parked on the street off school premises, revealed a baggie of suspected marijuana along with paraphernalia associated with the use and possible sale of marijuana.

The court granted the motion with respect to the search of the vehicle, finding that the minor did not voluntarily consent to the search and that school officials had no authority to search the vehicle without the minor's consent, in that it was not parked on school grounds but on a public street. The court found that there was no search of the locker and denied the motion to suppress the evidence seized from the minor's backpack and trousers.[2]

*Discussion*

■   Students in public schools have a legitimate expectation of privacy in their persons and in the personal effects they bring to school. (*New Jersey v. T.L.O.* (1985) 469 U.S. 325, 339 [83 L.Ed.2d 720, 105 S.Ct. 733].) However, because the student's legitimate expectation of privacy must be balanced against the school's obligation to maintain discipline and to provide a safe environment for all students and staff,[3] school officials may conduct a search of the student's person and personal effects based on a reasonable suspicion that the search will disclose evidence that the student is violating or has violated the law or a school rule. "Reasonable suspicion" is a lower standard than probable cause. Ultimately, the legality of the search "depend[s] simply on the reasonableness, under all the circumstances, of the search."[4] (*New*

---

[2] The minor raises no issue on appeal with respect to the search of the trousers.

[3] Article I, section 28, subdivision (c) of the California Constitution provides that all students and staff of public schools have an inalienable right to attend campuses that are "safe, secure and peaceful."

[4] The minor is correct that the juvenile court applied an incorrect legal standard when it relied on *In re Randy G.* (2001) 26 Cal.4th 556 [110 Cal.Rptr.2d 516, 28 P.3d 239], to hold that the search was legal because it was not arbitrary, capricious, or for the purpose of harassment.

In *In re Randy G.,* our Supreme Court held that a *detention* of a student for investigation of misconduct is valid if it is not "arbitrary, capricious, or undertaken for the purpose of harassment." (*In re Randy G., supra,* 26 Cal.4th at p. 565.) However, the court expressly applied a lower standard to detentions than to searches and did not purport to deviate from the

*Jersey v. T.L.O., supra,* 469 U.S. at p. 341; see also *In re William G.* (1985) 40 Cal.3d 550, 562–565 [221 Cal.Rptr. 118, 709 P.2d 1287].)

The minor argues that a tip from an anonymous informant cannot provide a reasonable suspicion for a search by school officials, unless the information obtained from the informant meets the criteria necessary to uphold an investigative detention outside the school context, as most recently discussed by the United States Supreme Court in *Florida v. J. L.* (2000) 529 U.S. 266 [146 L.Ed.2d 254, 120 S.Ct. 1375]. He argues that the tip in this case lacked sufficient indicia of reliability because the caller did not provide any information beyond the bare assertion that the minor had a knife in his backpack. The caller did not say how he knew about the knife or provide any additional information about the minor's activities or about himself. From these facts, the minor argues that the searches of his gym locker and of the backpack were illegal.

We do not need to decide whether the anonymous tip was sufficient under the circumstances of this case to provide reasonable suspicion. There was no "search" of the minor's locker, and the minor's admission that he had a knife justified the subsequent search of the backpack.

■ A "search" is defined as a governmental intrusion upon or invasion of a citizen's personal security in an area in which he has a reasonable expectation of privacy. (*People v. Mayberry* (1982) 31 Cal.3d 335, 341 [182 Cal.Rptr. 617, 644 P.2d 810], citing *Terry v. Ohio* (1968) 392 U.S. 1, 9, 16–19, and fn. 15 [20 L.Ed.2d 889, 88 S.Ct. 1868].) In California, a student has an expectation of privacy in his school locker. (See *In re William G., supra,* 40 Cal.3d at p. 563; cf. *New Jersey v. T.L.O., supra,* 469 U.S. at p. 337, fn. 5 [court does not decide whether student has expectation of privacy in school locker].) However, the scope of the student's legitimate expectation of privacy in a locker may be limited under some circumstances.[5] In *Zamora v.*

---

"reasonable suspicion" standard for searches established in *New Jersey v. T.L.O., supra,* 469 U.S. 325. It noted that a brief detention and questioning of a student constitutes a more limited intrusion than does a search. (*In re Randy G., supra,* 26 Cal.4th at pp. 561–562, 565–566, 567–568.)

The minor does not challenge the propriety of the detention and appears, therefore, to concede that Stanley did not act arbitrarily, capriciously or for the purpose of harassment in summoning him for questioning based on the anonymous tip.

As far as the legality of the search is concerned, it is irrelevant that the court relied on an erroneous legal theory if the court's ruling was correct on any legal theory which is applicable to the case. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [17 Cal.Rptr.2d 122, 846 P.2d 704].) Applying the correct legal standard, we find that the trial court properly denied the motion.

[5] The minor points out that in *In re William G., supra,* 40 Cal.3d 550, our Supreme Court held that a student has the "highest privacy interests in his or her own person, belongings, and physical enclaves, such as lockers." (*Id.* at p. 563.) However, a locker search was not at issue in *In re William G.* (see *id.* at p. 555), and the court thus had no occasion to discuss any

*Pomeroy* (10th Cir. 1981) 639 F.2d 662, for example, the court held that the existence of a published school policy, stating that a student's possession of his locker is not exclusive as against the school, lowered the expectation of privacy that the student might otherwise have held with respect to his locker. (*Id.* at p. 670; accord, *Singleton v. Board of Education USD 550* (D. Kan. 1995) 894 F.Supp. 386, 391.)

▮ In this case, the locker in question was the minor's gym locker. According to the minor's own testimony, students are permitted to use their gym lockers to store street clothing, books, backpacks and other personal effects only while they are in PE class. At all other times, students are permitted to store only their gym clothes in their gym lockers. Because the minor was being removed from his PE class, he had no expectation of privacy in the sense of expecting that his backpack and street clothes could remain in the locker. And, the officers' act of directing the minor to remove his personal effects and take them with him to the security office was nothing more than an order that the minor comply with a known school rule; it did not constitute a search of the locker. Because the officers did not search the items which were removed from the locker, it is irrelevant that they, rather than the minor, removed the items from the locker. Merely removing the items, without more, did not constitute a search under the circumstances. Finally, the officers did not engage in any other conduct which could be deemed a search of the locker or its contents.

The minor's statement to Stanley that he had just remembered that he had a knife in his backpack was obviously sufficient to create a reasonable suspicion that he did indeed have a knife. That statement alone, without regard to the informant's statement, was sufficient to justify the search of the backpack. The scope of the search—opening three zippered compartments of the backpack—was also justified. The original intrusion into the first zippered compartment was justified by the minor's statement that the knife was in one of the compartments. Opening the first zippered compartment was therefore reasonably related to the original objective of the search.[6] (*New Jersey v. T.L.O., supra*, 469 U.S. at pp. 341–342.) The continued search after the discovery of the knife was also justified. Having found both a knife and other contraband, Stanley could reasonably have entertained the suspicion that the

---

circumstances which might limit a student's expectation of privacy in his or her locker. We have discovered no case in which the California Supreme Court or any California appellate court has addressed that issue.

[6] Stanley testified that the minor merely said it was in "a" zippered compartment, so she opened the first compartment she came to. The minor testified that he told Stanley that the knife was in the second compartment. However, he raises no issue on appeal pertaining to Stanley's intrusion into a compartment of the backpack other than the one to which he directed her.

minor's backpack contained additional contraband items in violation of the law or of school rules, or both. (*Ibid.*)

█ Finally, because there was no search of the locker, the minor's admission that he had a knife in his backpack was not, as the minor argues, the fruit of an illegal search. (*Wong Sun v. United States* (1963) 371 U.S. 471, 484–485 [9 L.Ed.2d 441, 83 S.Ct. 407].)

## DISPOSITION

The judgment of the juvenile court is affirmed.

Ramirez, P. J., and Ward, J., concurred.