[No. B183836. Second Dist., Div. Four. July 21, 2006.]

IN RE JOSE Y., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSE Y., Defendant and Appellant.

**COUNSEL**

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Robert F. Katz and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SUZUKAWA, J.**—In a petition filed by the District Attorney of Los Angeles County, minor Jose Y. was charged with being a person described in Welfare and Institutions Code section 602 in that he unlawfully possessed a locking blade knife on school property in violation of Penal Code section 626.10, subdivision (a). He was initially placed on probation. Probation was later terminated and the matter was set for trial. Minor's motion to exclude evidence pursuant to Welfare and Institutions Code section 707.1 was denied. Minor admitted the violation and the petition was sustained. Minor appeals from the juvenile court order sustaining the petition. We affirm.

## FACTS

On May 23, 2004, Lester Sanchez was working campus security at South Gate High School. At approximately 11:30 to 11:45 that morning, he saw three young men who appeared to be students sitting on the front lawn area of the school grounds during school hours. Sanchez estimated the three were 16 to 18 years of age. He reported to Officer Chung that there were three students, whom Sanchez did not know, on the grounds during class. At the suppression hearing, Sanchez identified minor as one of the three students.

Officer Tommy Chung is an officer with the Los Angeles Police Department and assigned to work at the school. After being notified by Sanchez of his observations, Officer Chung met with him at the front of the school. Sanchez pointed out the three individuals on the lawn and Officer Chung approached them. Officer Chung asked if any of them had identification. All three initially said they did not, but minor produced a piece of paper with a name on it. (The paper had minor's name on it, but he did not volunteer that information.) Otherwise, none of the three provided the officer with a name.

The paper minor produced was similar to a registration slip; however it was from a school other than South Gate High School. Officer Chung decided

to escort the three students to his office to try to verify their identity and what school, if any, they attended. As there were three individuals and he was alone, for his safety, he decided to conduct a patdown search. When he conducted the patdown on minor, he discovered a hard object in minor's pants pocket. Officer Chung asked minor what the object was and he replied it was a knife. Officer Chung recovered the weapon.

## DISCUSSION

Minor does not challenge the legality of the initial detention, but claims the patdown search was illegal. Minor cites *Terry v. Ohio* (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868] (*Terry*), for the proposition that an officer has the authority to search for weapons where the officer has reason to believe a suspect is armed and dangerous. He argues Officer Chung had no reason to believe any of the youths presented such a threat, and thus he had no cause to perform a patdown search.

■ The Attorney General acknowledges the rule set forth in *Terry*, but urges that a less stringent rule should apply to a patdown search which takes place on school grounds. However, he provides no suggestion as to what that standard should be. He cites cases which speak to the issue of searches conducted on campus, but a patdown cannot be equated with a full search. A patdown is limited to that which is necessary to determine whether a suspect is armed. (*Terry, supra,* 392 U.S. at p. 26.) A proper patdown search which goes beyond that which is required to make that determination is no longer valid. (*Minnesota v. Dickerson* (1993) 508 U.S. 366, 373–374 [124 L.Ed.2d 334, 113 S.Ct. 2130].)

While one could conclude that the standard for conducting a patdown would require less cause than that which would justify a full-blown search, given the facts of this case, we do not find it necessary to create a bright-line rule for all patdown searches on school campuses. However, we do not agree with minor that a patdown conducted on a person who appears to have no legitimate business on campus may be justified only by a belief that the person is armed and dangerous.

■ The California Constitution, article I, section 28, subdivision (c), provides that public school students and staff have "the inalienable right to attend campuses which are safe, secure and peaceful." We must therefore balance the governmental interest which theoretically justifies the search against the invasion of privacy at issue. (*Terry, supra,* 392 U.S. at pp. 20–21.) In determining whether the search was reasonable, we "cannot disregard the schools' custodial and tutelary responsibility for children." (*Vernonia School Dist. 47J v. Acton* (1995) 515 U.S. 646, 656 [132 L.Ed.2d 564, 115 S.Ct. 2386].)

Our courts have recognized that the special need of schools to maintain a safe and orderly environment for learning requires different rules regarding search and seizure than those employed in the public in general. Thus, minor students may be detained without any particularized suspicion, as long as the detentions are "not arbitrary, capricious, or for the purposes of harassment." (*In re Randy G.* (2001) 26 Cal.4th 556, 567 [110 Cal.Rptr.2d 516, 28 P.3d 239].) Searches of students on campus do not require probable cause to believe the student violated the law, but rather reasonable suspicion the student is violating or has violated a law, school rule, or regulation. (*In re William G.* (1985) 40 Cal.3d 550, 564 [221 Cal.Rptr. 118, 709 P.2d 1287].) Indeed, completely random searches of students who enter school grounds are authorized for the purpose of determining whether a weapon is being brought on campus. (*In re Latasha W.* (1998) 60 Cal.App.4th 1524, 1526–1527 [70 Cal.Rptr.2d 886].)

■ The other factor present here is that minor was not a student at South Gate High School. In our view, he has a lesser right of privacy than a student who is properly on school grounds. In that regard, we note the Legislature's finding that "[m]any serious crimes of violence are committed on school grounds by persons who are neither students nor school employees and who are not otherwise authorized to be present on school grounds." (Pen. Code, § 627, subd. (a)(2).)

In the instant case, while Officer Chung had ample cause to believe minor and his companions did not belong on school grounds, he did not know *why* they were there. We are also mindful of the fact that the officer was alone as he prepared to escort the three young men to the office.[1] Given his unauthorized and unexplained presence on campus, minor should not be heard to complain that an officer conducted a nonintrusive patdown of minor's clothing to determine whether he had a weapon which presented a danger to the officer or anyone else on campus. The governmental interest in preventing violence on campus outweighs the minimal invasion of minor's privacy rights which occurred here.

The cases cited by minor do not compel a different result. None deals with a patdown search conducted on a school campus. Minor makes no effort to explain why the more relaxed rules governing school searches do not apply in this case. He merely argues the officer had no probable cause to believe he had committed a crime. Minor asserts that although he was not authorized to be on campus, he committed no crime because he did not refuse to leave

---

[1] Minor argues Lester Sanchez was available to help Officer Chung lead the group to the office, but the uncontroverted evidence at the hearing was that the officer was alone at the time of the patdown.

when asked. He misses the point. The mere fact he had no legitimate business on campus created a reasonable need to determine whether or not he posed a danger.

The patdown search of minor was proper.

## DISPOSITION

The order of the juvenile court sustaining the petition is affirmed.

Willhite, Acting P. J., and Manella, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 1, 2006, S146160.