Filed 5/27/16  In re R.H. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re R.H., A Person Coming Under the Juvenile Court Law. | B267146 |
| | (Los Angeles County Super. Ct. No. FJ52604) |
| THE PEOPLE, | |
|     Plaintiff and Respondent, | |
| v. | |
| R.H., | |
|     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Totten, Commissioner.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

_____

Minor R.H. appeals from an order sustaining a petition under Welfare and Institutions Code, section 602[1] and placing him home on probation. He argues the court erred in denying his suppression motion because the search and seizure were in violation of his Fourth Amendment rights. We find that the "special needs" administrative search exception applied and affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

On September 26, 2013, Craig Uwaine, a Los Angeles Unified School District (LAUSD) campus aide at Thomas R. King Middle School, conducted a random search of R.H.'s classroom. The school had signs posted at its entrance stating that all who entered the campus were subject to random search. The district also had a policy that school personnel would randomly select one classroom to search each day for weapons and drugs.[2] An administrator would "randomly select[] classrooms to search per week."

After arriving at R.H.'s classroom on the day in question, Uwaine asked the teacher, Mr. Moreno, to select two students to be searched, by selecting every fifth student listed on the attendance roster "or random, give me 2 kids." There were only four or five students in the classroom, and Mr. Moreno selected R.H. and another student. Uwaine asked R.H. to take his belongings and follow him to another room. Uwaine then asked R.H. if he had anything to declare, and R.H. responded that he had a knife in his folder. Uwaine asked him to take the knife out of the folder, R.H. did so, and the knife was confiscated. Campus police was called and LAUSD police officer Gamboa responded. He took R.H.'s statement and arrested him.

The section 602 petition alleged R.H. committed the misdemeanor offense of unlawfully bringing and possessing a weapon (a knife) on school grounds. (Pen. Code, § 626.10, subd. (a)(1).) Following the denial of R.H.'s motion to suppress evidence

[1] Subsequent statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] Uwaine testified that the random searches were performed daily and weekly.

2

pursuant to section 700.1, the juvenile court found true the allegations in the petition, determined the offense a misdemeanor, and declared R.H. a ward of the court pursuant to section 602.

This timely appeal followed.

## DISCUSSION

On review of a juvenile court's ruling on a suppression motion, we view the evidence in the light most favorable to the ruling. (*In re Cody S.* (2004) 121 Cal.App.4th 86, 90.) "The trial court's factual findings relating to the challenged search or seizure, 'whether express or implied, must be upheld if they are supported by substantial evidence.' [Citation.]" (*People v. Loewen* (1983) 35 Cal.3d 117, 123.) Because the reasonableness of the search or seizure is a question of constitutional law, we independently determine whether, based on the facts found by the trial court, the search or seizure was reasonable under the Fourth Amendment. (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

R.H. challenges the admissibility of the knife as the fruit of an unlawful seizure. Respondent disputes whether R.H. was detained in violation of the Fourth Amendment. But, for Fourth Amendment purposes, "when a school official stops a student to ask a question, it would appear that the student's liberty has not been restrained over and above the limitations he or she already experiences by attending school. Accordingly, the conduct of school officials in moving students about the classroom or from one classroom to another, sending students to the office, or taking them into the hallway to ask a question would not seem to qualify as a detention as defined by the Fourth Amendment. In the absence of a Fourth Amendment claim, relief, if at all, would come by showing that school officials acted in such an arbitrary manner as to deprive the student of substantive due process in violation of the Fourteenth Amendment." (*In re Randy G.* (2001) 26 Cal.4th 556, 563-564.) No such arbitrariness is shown in this case.

Generally, a search or seizure in the absence of individualized suspicion of criminal activity is unreasonable and violates the Fourth Amendment. (*In re Randy G.*,

3

*supra*, 26 Cal.4th at p. 565.)  However, while public school students "assuredly do not 'shed their constitutional rights . . . at the schoolhouse gate' [citation]," Fourth Amendment rights are different in public schools than elsewhere.  (*Vernonia School Dist. 47J v. Acton* (1995) 515 U.S. 646, 655-656.)  Public school students' legitimate expectation of privacy in their persons and effects must be balanced against the schools' "equally legitimate need to maintain an environment in which learning can take place." (*New Jersey v. T.L.O.* (1985) 469 U.S. 325, 339-340.)  Thus, courts have upheld "'special needs'" administrative searches in schools, conducted without individualized suspicion, "where the government need is great, the intrusion on the individual is limited, and a more rigorous standard of suspicion is unworkable.  [Citations.]"  (*In re Latasha W.* (1998) 60 Cal.App.4th 1524, 1527 (*Latasha W.*).)

The search involved in this case did not violate R.H.'s Fourth Amendment rights. Under the California Constitution, "students and staff of public schools have 'the inalienable right to attend campuses which are safe, secure and peaceful.'"  (*Latasha W.*, *supra*, 60 Cal.App.4th at p. 1527, citing Cal. Const., art. I, § 28, subd. (c).)  Thus, the need for schools to keep weapons off campus is great.  (*Ibid*.)

Balanced against the compelling governmental interest at stake, the intrusion into R.H.'s constitutionally protected privacy interest was minimal.  The school had signs posted at its entrance informing students that anyone who enters the school is subject to random searches.   After being selected for a random search, R.H. was asked if he had anything to declare, and stated that he had a knife in his folder.  He was asked to remove the knife from the folder; he did so, and the knife was confiscated.  The intrusion involved was no greater than the intrusions involved in other school searches that have been upheld by the courts.  (See *Vernonia School Dist. 47J v. Acton, supra,* 515 U.S. 646 [upholding random drug testing of student athletes]; *Latasha W.*, *supra,* 60 Cal.App.4th 1524 [upholding random search of students for weapons using metal detector wand for students entering attendance office without a hall pass or arriving late]; *In re Sean A.* (2010) 191 Cal.App.4th 182, 189 [upholding search of students who leave campus and return during school day].)

4

Finally, requiring a suspicion-based standard for searches would be unworkable. (*Latasha W.*, *supra,* 60 Cal.App.4th at p. 1527.)  Schools have no practical way of monitoring students before they arrive on campus to determine whether a student is concealing a weapon, and by the time a weapon is displayed or brandished, it may be too late for the school to prevent its use.  (*Ibid.*)

R.H. challenges the application of the "special needs" exception, arguing that there was insufficient evidence that the school had a policy authorizing random searches and seizures of students or that the selection of students to be searched in this case was random.  (See *New Jersey v. T.L.O.*, *supra*, 469 U.S. at p. 342, fn. 8 ["Exceptions to the requirement of individualized suspicion are generally appropriate only where the privacy interests implicated by a search are minimal and where 'other safeguards' are available 'to assure that the individual's reasonable expectation of privacy is not "subject to the discretion of the official in the field."'"].)

The trial court found that the school had a policy authorizing random searches and evidence presented to the trial court established that the school randomly selected classrooms each week to be searched.  R.H.'s classroom was selected to be searched on the day in question, and his teacher, Mr. Moreno, randomly selected R.H. and another student.  The basic rule of appellate review is that the correctness of the judgment is presumed; all "intendments . . . are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."  (*People v. Leonard* (2014) 228 Cal.App.4th 465, 478.)  Because R.H. did not affirmatively present evidence to the trial court challenging the randomness of the search and seizure, we presume the facts in favor of the judgment.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

MANELLA, J.

COLLINS, J.