Filed 7/31/13  In re C.C. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.C., <br><br> Defendant and Appellant. | G047202 <br><br> (Super. Ct. No. DL042030) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Deborah J. Chuang, Judge.  Reversed.

Richard Jay Moller, appointment under the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

After the juvenile court denied C.C.'s (minor) motion to suppress evidence, she admitted misdemeanor counts for possession of a controlled substance (Bus. & Prof. Code, § 4060) and possession of less than one ounce of marijuana on school grounds by a minor. (Health & Saf. Code, § 11357, subd. (e)). Exercising its authority under Welfare and Institutions Code section 725, the court imposed probation with several conditions, but did not declare her to be a ward of the court. In this appeal, from the judgment, minor challenges the denial of her motion to suppress. We reverse.

FACTS

Minor admitted to David Yates, a campus control assistant, that she had been using her cell phone in class. He asked her to turn over her phone. Without having been asked for anything else, minor also gave Yates paraphernalia used to prepare marijuana cigarettes. Because this raised Yates's suspicion of marijuana use, he searched the contents of the phone. Some of the messages saved on it suggested minor possessed and possibly sold contraband drugs. Yates then informed both the school principal and the assistant principal and took minor to her guidance counselor. At Yates's request, minor gave him her car keys and Yates turned them over to Irvine Police Officer Robinson who arrived about 20 minutes after the initial encounter.

Robinson searched minor's car. He found marijuana, a marijuana pipe, and a prescription pill. Robinson interviewed minor in the office of the assistant principal and she admitted the contents of the car belonged to her. The record fails to disclose where the car was located.

DISCUSSION

*1. The Order is Appealable*

After minor admitted the allegations of petition, the court ordered "minor declared a non ward of the Orange County Juvenile Court under [Welfare and Institutions Code], [s]ection 725 . . . ." The court then imposed probation. In a supplemental brief, which we requested to deal with specific issues, not including whether the order was appealable, the Attorney General for the first time argues there is no an appealable order. Normally we would not address an issue that is raised in this belated fashion. But because it deals with our jurisdiction, we cannot ignore it. Fortunately, the issue is easily resolved.

In response to the Attorney General's belated assertion, minor's counsel calls our attention to *In re Do Kyung K.* (2001) 88 Cal.App.4th 583. That case also dealt with a minor who was placed on probation without a wardship finding pursuant to Welfare and Institutions Code, section 725. In a detailed analysis which we need not repeat here, the court concluded that such an order was, in fact, appealable. (*In re Do Kyung K., supra,* 88 Cal.App.4th 587-590.) We accept this precedent.

*2. The Standard for Searches of Students and Their Possessions on School Property*

As both minor and the Attorney General acknowledge, the leading case dealing with searches of students is *New Jersey v. T.L.O.* (1985) 469 U.S. 325 [105 S.Ct. 733, 83 L.Ed.2d 720]. There the United States Supreme Court stated, "the accommodation of the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law. Rather, the legality of a

3

search of a student should depend simply on the reasonableness, under all the circumstances, of the search."  (*Id.* at p. 341.)

And in *In re Randy G.* (2001) 26 Cal.4th 556, 566 our Supreme Court recognized a similar standard, recognizing that "officials must be permitted to exercise their broad supervisory and disciplinary powers, without worrying that every encounter with a student will be converted into an opportunity for constitutional review.  To allow minor students to challenge each of those decisions, through a motion to suppress or in a civil rights action under 42 United States Code section 1983, as lacking articulable facts supporting reasonable suspicion would make a mockery of school discipline and order." (*Ibid.)*

Considering this relaxed standard for student searches, we cannot find fault with the conduct of school personnel.  When minor voluntarily demonstrated her possession of drug paraphernalia, Yates was justified in searching her telephone.


*3.  The Relaxed Standard for Student Searches Requires a Showing the Vehicle Search Took Place on School Property or its Immediate Vicinity*

Minor calls our attention to the fact no evidence was presented that her vehicle was on school property when it was searched.  She only cites *In re Cody S.* (2004) 121 Cal.App.4th 86, for the proposition that the relaxed search rule should not be applied to the search of the vehicle.  But the case is hardly a precedent for the proposition asserted.  In *Cody*, the opinion merely noted the trial court had granted the minor's suppression motion to a search of a vehicle that was not on school premises.  (*Id.* at p. 91.)  The opinion does not state the basis for this decision nor was the search of the vehicle an issue in the appeal.  Although we asked both sides to submit supplemental briefs on this issue, neither was able to point to any California authority on the subject.

The Attorney General points to *New Jersey v. T.L.O., supra,* 469 U.S. 325 and quotes extensively from that case dealing with the reasonableness standard for school

4

searches.  This, of course, fails to answer our question.  Citing *Vernonia School Dist. 47J v. Acton* (1995) 515 U.S. 646 [115 S.Ct. 2386, 132 L.Ed.2d 564] and *In re Randy G., supra,* 26 Cal.4th 556, the minor points out that these cases only involved searches on school property.  But *J.P. v. Millard Public Schools* (2013) 285 Neb. 890 [830 N.W. 2d 453] held "school officials are not given express or implied authority to search on a public street, at a student's home, or on other premises off school grounds, including an off-school-grounds vehicle that is not associated with a school-sponsored event or activity."  (*Id.* at p. 908.)  And *State v. Crystal B.* (2000) 130 N.M. 336, held that the "lower standard [for searches] applies . . . only in furtherance of the school's education-related goals; that is in a situation where the student is on school property or while the student is under control of the school."  (*Id.* at p. 339.)

We find the latter two cases persuasive.  Here minor was under the control of the school.  The problem, as defense counsel asserted during the suppression hearing, is that there was no evidence where minor's vehicle was located.  It may well have been in the school parking lot, in which case the search would have been justified.  It may have been on the street, immediately adjacent to the school, where the search might also have been justified.  But, in the absence of any evidence as the vehicle's location, we cannot assume it was in either of these locations.  We conclude that, under the evidence presented, substantial evidence does not support a conclusion the lower standard for searches was applicable to the search of minor's vehicle.  Thus probable cause would have to be demonstrated to support a search of the car.  It was not.  And since the evidence supporting the charges was discovered during search of minor's vehicle, we reverse the judgment on the basis the motion to suppress should have been granted.

DISPOSITION

The judgment is reversed.


                                        RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.